| | |
|---|---|
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, A Connecticut Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HMC/CAH CONSOLIDATED, INC., a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY 6, LLC d/b/a I-70 COMMUNITY HOSPITAL, a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY#3, LLC d/b/a HORTON COMMUNITY HOSPITAL, a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY #5, LLC d/b/a HILLSBORO COMMUNITY HOSPITAL, a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY #2, LLC d/b/a OSWEGO COMMUNITY HOSPITAL, a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY 12, LLC d/b/a FAIRFAX COMMUNITY HOSPITAL, a Delaware Limited Liability Company;<br><br>CAH ACQUISITION COMPANY 16, LLC d/b/a HASKELL COUNTY COMMUNITY HOSPITAL, a Delaware Limited Liability Company; | **Complaint for a Civil Case**<br><br>Case No. _____ |

| | |
|---|---|
| CAH ACQUISITION COMPANY #4, INC. d/b/a DRUMRIGHT REGIONAL HOSPITAL, an Oklahoma Corporation; | ) ) ) ) |
| CAH ACQUISITION COMPANY 7, LLC d/b/a PRAGUE COMMUNITY HOSPITAL, a Delaware Limited Liability Company; | ) ) ) ) ) |
| CAH ACQUISITION COMPANY 11, LLC d/b/a LAUDERDALE COMMUNITY HOSPITAL, a Delaware Limited Liability Company; | ) ) ) ) ) |
| CAH ACQUISITION COMPANY #1, LLC d/b/a WASHINGTON COUNTY HOSPITAL, a Delaware Limited Liability Company; | ) ) ) ) ) |
| and | ) ) |
| RURAL COMMUNITY HOSPITALS OF AMERICA, LLC d/b/a RCHA a West Virginia Limited Liability Company. | ) ) ) ) |
| Defendants | ) |

# COMPLAINT

COMES NOW Plaintiff Cigna Health and Life Insurance Company, and for its Complaint against Defendants HMC/CAH Consolidated, Inc., CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital, CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital, CAH Acquisition Company #5, LLC d/b/a Hillsboro Community Hospital, CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital, CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital, CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital, CAH Acquisition Company #4, Inc. d/b/a Drumright Regional Hospital, CAH Acquisition Entity 7, LLC d/b/a Prague Community Hospital, CAH Acquisition Company 11, LLC d/b/a/ Lauderdale Community Hospital, CAH Acquisition

2

Company #1, LLC a/k/a Washington County Hospital, and Rural Community Hospitals of America, LLC d/b/a RCHA states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cigna Health and Life Insurance Company ("CHLIC") is a Connecticut corporation with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut, 06002.

2. Defendant HMC/CAH Consolidated, Inc. ("HMC/CAH") is a Delaware corporation with its principal place of business at 1100 Main Street, Suite 2350, Kansas City, Missouri, 64105.

3. Defendant CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital ("I-70") is a Delaware limited liability company licensed to do business in Missouri.

4. Upon information and belief, none of I-70's members are citizens of Connecticut.

5. Defendant CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital ("Horton"), is a Delaware limited liability company licensed to do business in Kansas.

6. Upon information and belief, none of Horton's members are citizens of Connecticut.

7. Defendant CAH Acquisition Company #5, LLC d/b/a Hillsboro Community Hospital ("Hillsboro") is a Delaware limited liability company that is licensed to do business in Kansas.

8. Upon information and belief, none of Hillsboro's members are citizens of Connecticut.

9. Defendant CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital ("Oswego") is a Delaware limited liability company that is licensed to do business in Kansas.

10. Upon information and belief, none of Oswego's members are citizens of Connecticut.

11. Defendant CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("Fairfax") is a Delaware limited liability company that is licensed to do business in Oklahoma.

12. Upon information and belief, none of Fairfax's members are citizens of Connecticut.

13. Defendant CAH Acquisition company 16, LLC d/b/a Haskell County Community Hospital ("Haskell") is a Delaware limited liability company that is licensed to do business in Oklahoma.

14. Upon information and belief, none of Haskell's members are citizens of Connecticut.

15. Defendant CAH Acquisition Company #4, Inc. d/b/a Drumright Regional Hospital ("Drumright") is an Oklahoma corporation.

16. Drumright's principal place of business is 610 West Bypass, Drumright, Oklahoma 74030.

17. Defendant CAH Acquisition Entity 7, LLC d/b/a Prague Community Hospital ("Prague") is a Delaware limited liability company registered to do business in Oklahoma.

18. Upon information and belief, none of Prague's members are citizens of Connecticut.

19. Defendant CAH Acquisition Company 11, LLC a/k/a/ Lauderdale Community Hospital ("Lauderdale") is a Delaware limited liability company registered to do business in Tennessee.

20. Upon information and belief, none of Lauderdale's members are citizens of Connecticut.

21. Defendant CAH Acquisition Company #1, LLC a/k/a Washington County Hospital ("Washington") is a Delaware limited liability company licensed to do business in North Carolina.

22. Upon information and belief, none of Washington's members are citizens of Connecticut.

23. Defendant Rural Community Hospitals of America, LLC d/b/a RCHA ("RCHA") is a West Virginia limited liability company licensed to do business in Missouri.

24. Upon information and belief, none of RCHA's members are citizens of Connecticut.

25. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and complete diversity of citizenship exists between the plaintiff and the defendants.

26. To the extent the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332, the court has jurisdiction under 28 U.S.C. § 1367, because any such claims are so related to the claims in this action that they form part of the same case or controversy.

27. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

28. This Court has personal jurisdiction over the defendants because each of the defendants transacted business and/or made a contract within the state of Missouri.

## FACTUAL BACKGROUND

29. CHLIC realleges and incorporates therein by reference paragraphs 1 through 28 as set forth above.

30. CHLIC issued insurance policies called Open Access Plus Medical Benefits, nos. 3338857-HRAF, HRAI and 3338857-HSAF, HSAI to HMC/CAH, effective June 1, 2015 ("the Medical Policies") to provide medical benefits[1] and pay eligible claims on behalf of certain Employees, their dependents, and COBRA participants. A true and accurate copy of the Medical Policies is attached as Exhibit A.

31. Under the Medical Policies, the first premium was due on the effective date of the policies. *See* Ex. A, p. 4.

32. CHLIC issued an insurance policy called Cigna Dental Preferred Provider Insurance, no. 3338857-DPPO, to HMC/CAH, effective June 1, 2015 ("the Dental Policy") to provide dental benefits and pay eligible claims on behalf of certain Employees, their dependents, and COBRA participants. A true and accurate copy of the Dental Policy is attached as Exhibit B.

33. Under the Dental Policy, the first premium was due on the effective date of the policy. *See* Ex. B., p 4.

34. Upon information and belief, CHLIC and HMC/CAH, at various points after the effective date of the policy, agreed to a weekly payment plan.

35. CHLIC and HMC/CAH executed a premium deferral arrangement, which permitted a 90 "grace period" for the payment of premiums from the premium due date (the first of each month). A true and accurate copy of this agreement is attached as Exhibit C ("the Premium Deferral Arrangement").

---

[1] The Medical Policies also included pharmacy benefits.

6

137996478.4
Case 4:18-cv-00183-MJW   Document 1   Filed 03/08/18   Page 6 of 13

36. Pursuant to the Premium Deferral Arrangement, HMC/CAH would become liable for "all costs of collection, including court costs and reasonable attorneys' fees, incurred by CHLIC in enforcing its rights under the Policies" in the event of non-payment of any premium when due. *See* Ex. C, p. 2.

37. The Medical Policies and the Dental Policy were renewed in 2016. *See* Ex. D (the Medical Policies 2016 renewal) and Ex. E (the Dental Policy 2016 renewal).

38. The Medical Policies and the Dental Policy were renewed in 2017. *See* Ex. F (the Medical Policies 2017 renewal) and Ex. G (the Dental Policy 2017 renewal).

39. Upon information and belief, the Employees covered by the Medical Policies and the Dental Policy were employed by I-70, Horton, Hillsboro, Oswego, Fairfax, Haskell, Drumright, Prague, Lauderdale, Washington, or RCHA (collectively, "the Hospital Defendants").

40. Upon information and belief, portions of Employees' paychecks were withheld for contribution to the premiums associated with the period from June 1, 2017 through September 30, 2017 for the Medical Policies and Dental Policy.

41. Upon information and belief, COBRA premiums, paid fully by COBRA participants, were collected by one or more of the defendants and not remitted to CHLIC in association with the period of June 1, 2017 through September 30, 2017 for the Medical Policies and Dental Policy.

42. The full premiums due under the Medical Policies and the Dental Policy associated with the period from June 1, 2017 through September 30, 2017 were not received by CHLIC from HMC/CAH.

43. The total of the unpaid premiums associated with the period from June 1, 2017 through September 30, 2017 is $1,340,736.25.

44. HMC/CAH cancelled the Medical Policies and the Dental Policy as of September 30, 2017. See Ex. H.

45. On November 16, 2017, CHLIC requested that HMC/CAH pay the $1,340,736.25 in unpaid premiums. Ex. I.

46. On December 7, 2017, CHLIC requested that HMC/CAH pay the $1,340,736.25 in unpaid premiums. Ex. J.

47. To date, the amount in unpaid premiums associated with the period from June 1, 2017 through September 30, 2017 remains at $1,340,736.25.

48. CHLIC therefore brings this action to recover the unpaid premiums due under the Medical Policies and the Dental Policy and/or the Medical Policies and the Dental Policy as modified by the Premium Deferral Arrangement.

## COUNT I – BREACH OF CONTRACT: HMC/CAH

49. CHLIC realleges and incorporates therein by reference paragraphs 1 through 48 as set forth above.

50. The Medical Policies and the Dental Policy were valid, mutual agreements between CHLIC and HMC/CAH.

51. Pursuant to the Medical Policies and the Dental Policy, HMC/CAH agreed to remit premiums in exchange for medical and dental insurance coverage for the Hospital Defendants' eligible employees, their dependents, and COBRA participants ("Eligible Plan Participants").

52. The Medical Policies and the Dental Policy were each supported by sufficient consideration and were valid contracts.

53. CHLIC performed all of its obligations under the Medical and Dental Policies by providing coverage and benefits on behalf of the Eligible Plan Participants.

54. HMC/CAH breached the Medical Policies and/or the Medical Policies as modified by the Premium Deferral Arrangement when it failed to pay the full premiums associated with the period from June 1, 2017 through September 30, 2017.

55. HMC/CAH breached the Dental Policy and/or the Dental Policy as modified by the Premium Deferral Arrangement when it failed to pay the full premiums associated with the period from June 1, 2017 through September 30, 2017.

56. As a result of HMC/CAH's breach, CHLIC has been harmed in the amount of $1,340,736.25—the amount of the unpaid premiums.

## COUNT II – UNJUST ENRICHMENT

57. CHLIC realleges and incorporates therein by reference paragraphs 1 through 56 as set forth above.

58. Eligible Plan Participants of the Hospital Defendants were covered by the Medical Policies.

59. Eligible Plan Participants of the Hospital Defendants were covered by the Dental Policy.

60. Certain Eligible Plan Participants of the Hospital Defendants received benefits under the Medical Policies.

61. Certain Eligible Plan Participants of the Hospital Defendants received benefits under the Dental Policy.

62. CHLIC conferred a benefit on each of the Hospital Defendants by providing coverage to the Hospital Defendants and by paying benefits on behalf of Eligible Plan Participants of the Hospital Defendants from June 1, 2017 through September 30, 2017.

63. The Hospital Defendants appreciated and retained this benefit to the extent their Eligible Plan Participants had coverage under the Medical Policies and Dental Policy during this time and to the extent that benefits under the Medical Policies or the Dental Policy were provided on behalf of Eligible Plan Participants from June 1, 2017 through September 30, 2017.

64. Defendants did not pay the premiums due under the Medical Policies and did not pay the premiums due under the Dental Policy associated with the period from June 1, 2017 through September 30, 2017.

65. The Hospital Defendants' acceptance and retention of the benefits described in paragraphs 57 to 64 of this Complaint without payment of the premiums to CHLIC is inequitable.

66. Because their Eligible Plan Participants were covered by the Medical Policies and the Dental Policy, and some of their Eligible Plan Participants additionally received benefits under the Medical Policies and/or the Dental Policy, Defendants are unjustly enriched by receiving these benefits without paying the premiums associated with the period from June 1, 2017 through September 30, 2017.

67. In addition to the unpaid premiums attributable to HMC/CAH,[2] the unpaid premiums attributable to each of the Hospital Defendants under the Medical Policies and the Dental Policy associated with the period from June 1, 2017 through September 30, 2017 are:

    i.    I-70:    $132,311.35

---

[2] The amount attributable to HMC/CAH is $1,918.86 for COBRA coverage.

  ii.  Drumright:  $91,924.46

  iii.  Fairfax:  $77,701.95

  iv.  Haskell:  $81,521.81

  v.  Hillsboro:  $130,826.22

  vi.  Horton:  $89,528.56

  vii.  Lauderdale:  $227,426.87

  viii.  Oswego:  $82,675.16

  ix.  Prague:  $89,723.76

  x.  Washington:  $145,905.19

  xi.  RCHA:  $189,236.06

68. The Hospital Defendants are jointly and severally liable with HMC/CAH for the amounts listed in Paragraph 67 to the extent they were unjustly enriched by the receipt of benefits without payment of the premiums associated with the period from June 1, 2017 through September 30, 2017.

## DESIGNATION OF PLACE OF TRIAL

69. Plaintiff designates the United States District Court for the District of Missouri in Kansas City, Missouri as the location for the trial in this manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cigna Health and Life Insurance Company ("CHLIC") prays for judgment against Defendants, for:

(a) Monetary damages in an amount of $1,340,736.25 from Defendant HMC/CAH for the premiums owed under the Medical Policies and the Dental Policy; and

11

137996478.4
Case 4:18-cv-00183-MJW   Document 1   Filed 03/08/18   Page 11 of 13

(b) Monetary damages as follows from Defendants HMC/CAH Consolidated, Inc., CAH Acquisition Company 6, LLC d/b/a I-70 Community Hospital, CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital, CAH Acquisition Company #5, LLC d/b/a Hillsboro Community Hospital, CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital, CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital, CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital, CAH Acquisition Company #4, Inc. d/b/a Drumright Regional Hospital, CAH Acquisition Entity 7, LLC d/b/a Prague Community Hospital, CAH Acquisition Company 11, LLC a/k/a/ Lauderdale Community Hospital, CAH Acquisition Company #1, LLC a/k/a Washington County Hospital, and Rural Community Hospitals of America, LLC d/b/a RCHA stemming from their unjust enrichment:

    i.    I-70:    $132,311.35

    ii.    Drumright:    $91,924.46

    iii.    Fairfax:    $77,701.95

    iv.    Haskell:    $81,521.81

    v.    Hillsboro:    $130,826.22

    vi.    Horton:    $89,528.56

    vii.    Lauderdale:    $227,426.87

    viii.    Oswego:    $82,675.16

    ix.    Prague:    $89,723.76

    x.    Washington:    $145,905.19

    xi.    RCHA:    $189,236.06

    xii.    HMC/CAH    $1,918.86

(c) Attorneys' fees incurred or expended by CHLIC;

(d) Costs and expenses incurred or expended by CHLIC;

(e) Pre- and post-judgment interest at the maximum rate permitted by law; and

(f) Such other and further relief as this Court deems just and proper.

Dated: March 8, 2018

Respectfully submitted,

By: /s/ Jessica L. Pixler
Jere D. Sellers    MO# 44505
Jessica L. Pixler   MO# 68782
STINSON LEONARD STREET LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Phone: 816-842-8600
Email:    jere.sellers@stinson.com
          jessica.pixler@stinson.com

*Attorneys for Plaintiff*