IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CIGNA HEATH AND LIFE INSURANCE COMPANY,<br><br>   Plaintiffs,<br><br>v.<br><br>HMC/CAH CONSOLIDATED, INC., e*t al.*<br><br>   Defendants. | CIVIL ACTION NO.<br>4:18-CV-00183-MJW |

## **DEFENDANTS' ANSWER AND DEFENSES**

PLEASE TAKE NOTICE that all Defendants, by and through undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, hereby file this, their Answer and Defenses to the Complaint of Plaintiff (the "Complaint"), and, in response to each respectively numbered paragraph of the Complaint, state as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 1, and accordingly deny the allegations in their entirety and demand strict proof thereof.

2. Defendants admit the allegations in paragraph 2 for jurisdictional purposes only.

3. Defendants admit the allegations in paragraph 3 for jurisdictional purposes only.

4. Defendants admit the allegations in paragraph 4 for jurisdictional purposes only.

5. Defendants admit the allegations in paragraph 5 for jurisdictional purposes only.

6. Defendants admit the allegations in paragraph 6 for jurisdictional purposes only.

7. Defendants admit the allegations in paragraph 7 for jurisdictional purposes only.

8. Defendants admit the allegations in paragraph 8 for jurisdictional purposes only.

9. Defendants admit the allegations in paragraph 9 for jurisdictional purposes only.

10. Defendants admit the allegations in paragraph 10 for jurisdictional purposes only.

11. Defendants admit the allegations in paragraph 11 for jurisdictional purposes only.

12. Defendants admit the allegations in paragraph 12 for jurisdictional purposes only.

13. Defendants admit the allegations in paragraph 13 for jurisdictional purposes only.

14. Defendants admit the allegations in paragraph 14 for jurisdictional purposes only.

15. Defendants admit the allegations in paragraph 15 for jurisdictional purposes only.

16. Defendants admit the allegations in paragraph 16 for jurisdictional purposes only.

17. Defendants admit the allegations in paragraph 17 for jurisdictional purposes only.

18. Defendants admit the allegations in paragraph 18 for jurisdictional purposes only.

19. Defendants admit the allegations in paragraph 19 for jurisdictional purposes only.

20. Defendants admit the allegations in paragraph 20 for jurisdictional purposes only.

21. Defendants admit the allegations in paragraph 21 for jurisdictional purposes only.

22. Defendants admit the allegations in paragraph 22 for jurisdictional purposes only.

23. Defendants admit the allegations in paragraph 23 for jurisdictional purposes only.

24. Defendants admit the allegations in paragraph 24 for jurisdictional purposes only.

25. Defendants admit the allegations in paragraph 25 for jurisdictional purposes only, and do not contest there is jurisdiction under diversity.

26. Defendants admit the allegations in paragraph 26 for jurisdictional purposes only.

27. Defendants admit the allegations in paragraph 27 for venue purposes only.

28. Defendants admit the allegations in paragraph 28 for jurisdictional purposes only, but deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 28 as to

the substantive allegations of specifically transacting business and making contracts, and accordingly deny the allegations in their entirety and demand strict proof thereof.

## FACTUAL BACKGROUND

29. Defendants incorporate by reference, their responses to paragraphs 1 through 28 above, with the same force and effect as if set forth herein, fully repeated and realleged.

30. Defendants neither admit nor deny the allegations set forth in paragraph 30, as the documents attached to the Complaint as Exhibit "A" speak for themselves. To the extent the allegations of paragraph 30 attempt to provide, modify, or otherwise interpret the language of Exhibit "A," the allegations are denied in their entirety and strict proof thereof is demanded.

31. Defendants neither admit nor deny the allegations set forth in paragraph 31, as the documents attached to the Complaint as Exhibit "A" speak for themselves. To the extent the allegations of paragraph 31 attempt to provide, modify, or otherwise interpret the language of Exhibit "A," the allegations are denied in their entirety and strict proof thereof is demanded.

32. Defendants neither admit nor deny the allegations set forth in paragraph 32, as the documents attached to the Complaint as Exhibit "B" speak for themselves. To the extent the allegations of paragraph 32 attempt to provide, modify, or otherwise interpret the language of Exhibit "B," the allegations are denied in their entirety and strict proof thereof is demanded.

33. Defendants neither admit nor deny the allegations set forth in paragraph 33, as the documents attached to the Complaint as Exhibit "B" speak for themselves. To the extent the allegations of paragraph 33 attempt to provide, modify, or otherwise interpret the language of Exhibit "B," the allegations are denied in their entirety and strict proof thereof is demanded.

34. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 34, and accordingly deny the allegations in their entirety and demand strict proof thereof.

35. Defendants neither admit nor deny the allegations set forth in paragraph 35, as the documents attached to the Complaint as Exhibit "C" speak for themselves. To the extent the allegations of paragraph 35 attempt to provide, modify, or otherwise interpret the language of Exhibit "C," the allegations are denied in their entirety and strict proof thereof is demanded.

36. Defendants neither admit nor deny the allegations set forth in paragraph 36, as the documents attached to the Complaint as Exhibit "C" speak for themselves. To the extent the allegations of paragraph 36 attempt to provide, modify, or otherwise interpret the language of Exhibit "C," the allegations are denied in their entirety and strict proof thereof is demanded.

37. Defendants neither admit nor deny the allegations set forth in paragraph 37, as the documents attached to the Complaint as Exhibits "D" and "E" speak for themselves. To the extent the allegations of paragraph 37 attempt to provide, modify, or otherwise interpret the language of Exhibits "D" and "E," the allegations are denied in their entirety and strict proof thereof is demanded.

38. Defendants neither admit nor deny the allegations set forth in paragraph 38, as the documents attached to the Complaint as Exhibits "F" and "G" speak for themselves. To the extent the allegations of paragraph 38 attempt to provide, modify, or otherwise interpret the language of Exhibits "F" and "G," the allegations are denied in their entirety and strict proof thereof is demanded.

39. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 39, and accordingly deny the allegations in their entirety and demand strict proof thereof.

40. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 40, and accordingly deny the allegations in their entirety and demand strict proof thereof.

41. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 41, and accordingly deny the allegations in their entirety and demand strict proof thereof.

42. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 42, and accordingly deny the allegations in their entirety and demand strict proof thereof.

43. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 43, and accordingly deny the allegations in their entirety and demand strict proof thereof.

44. Defendants neither admit nor deny the allegations set forth in paragraph 44, as the documents attached to the Complaint as Exhibit "H" speak for themselves. To the extent the allegations of paragraph 44 attempt to provide, modify, or otherwise interpret the language of Exhibit "H," the allegations are denied in their entirety and strict proof thereof is demanded.

45. Defendants neither admit nor deny the allegations set forth in paragraph 45, as the documents attached to the Complaint as Exhibit "I" speak for themselves. To the extent the allegations of paragraph 45 attempt to provide, modify, or otherwise interpret the language of Exhibit "I," the allegations are denied in their entirety and strict proof thereof is demanded.

46. Defendants neither admit nor deny the allegations set forth in paragraph 46, as the documents attached to the Complaint as Exhibit "J" speak for themselves. To the extent the allegations of paragraph 46 attempt to provide, modify, or otherwise interpret the language of Exhibit "J," the allegations are denied in their entirety and strict proof thereof is demanded.

47. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 47, and accordingly deny the allegations in their entirety and demand strict proof thereof.

48. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 48, and accordingly deny the allegations in their entirety and demand strict proof thereof.

## COUNT I -BREACH OF CONTRACT: HMC/CAH

49. Defendants incorporate by reference, their responses to paragraphs 1 through 48 above, with the same force and effect as if set forth herein, fully repeated and realleged.

50. Defendants neither admit nor deny the allegations set forth in paragraph 50, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 50 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded.

51. Defendants neither admit nor deny the allegations set forth in paragraph 51, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 51 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded.

52. Defendants neither admit nor deny the allegations set forth in paragraph 52, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 52 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded.

53. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 53, and accordingly deny the allegations in their entirety and demand strict proof thereof.

54. As to the referenced documents, Defendants neither admit nor deny the allegations set forth in paragraph 54, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 54 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded. As to any alleged breaches by failing to pay, Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 54, and accordingly deny the allegations in their entirety and demand strict proof thereof.

55. As to the referenced documents, Defendants neither admit nor deny the allegations set forth in paragraph 55, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 55 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded. As to any alleged breaches by failing to pay, Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 55, and accordingly deny the allegations in their entirety and demand strict proof thereof.

56. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 56, and accordingly deny the allegations in their entirety and demand strict proof thereof.

## COUNT II – UNJUST ENRICHMENT

57. Defendants incorporate by reference, their responses to paragraphs 1 through 56 above, with the same force and effect as if set forth herein, fully repeated and realleged.

58. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 58, and accordingly deny the allegations in their entirety and demand strict proof thereof.

59. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 59, and accordingly deny the allegations in their entirety and demand strict proof thereof.

60. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 60, and accordingly deny the allegations in their entirety and demand strict proof thereof.

61. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 61, and accordingly deny the allegations in their entirety and demand strict proof thereof.

62. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 62, and accordingly deny the allegations in their entirety and demand strict proof thereof.

63. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 63, and accordingly deny the allegations in their entirety and demand strict proof thereof.

64. As to the referenced documents, Defendants neither admit nor deny the allegations set forth in paragraph 64, as the documents attached to the Complaint as Exhibits speak for themselves. To the extent the allegations of paragraph 64 attempt to provide, modify, or otherwise interpret the language of the Exhibits to the Complaint, the allegations are denied in their entirety and strict proof thereof is demanded. As to any alleged failure to pay, Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 64, and accordingly deny the allegations in their entirety and demand strict proof thereof.

65. Defendants deny the allegations set forth in paragraph 65 in their entirety and demand strict proof thereof.

66. Defendants deny the allegations set forth in paragraph 66 in their entirety and demand strict proof thereof.

67. Defendants deny knowledge sufficient to form a belief as to the allegations set forth in paragraph 67, and accordingly deny the allegations in their entirety and demand strict proof thereof.

68. Defendants deny the allegations set forth in paragraph 68 in their entirety and demand strict proof thereof.

## **DESIGNATION OF PLACE OF TRIAL**

69. Defendants need not respond as they are not contesting jurisdiction or venue in this matter.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

70. All Defendants raise as a defense that the Plaintiff has failed to state a cause of action, thereby requiring the Complaint to be dismissed.

71. All Defendants raise as a defense that the Plaintiff has failed to name indispensable parties under Fed. R. Civ. P. 19, to wit, the "Eligible Plan Participants," thereby requiring Count II of the Complaint to be dismissed.

72. All Defendants raise payment as a defense, thereby requiring the Complaint to be dismissed.

73. All Defendants raise waiver as a defense, thereby requiring the Complaint to be dismissed.

74. All Defendants raise estoppel as a defense, thereby requiring the Complaint to be dismissed.

75. All Defendants raise novation as a defense, thereby requiring the Complaint to be dismissed.

76. All Defendants raise accord and satisfaction as a defense, thereby requiring the Complaint to be dismissed.

77. All Defendants raise the failure to mitigate damages as a defense, thereby requiring any relief under the Complaint to be reduced/denied accordingly.

78. All Defendants raise the "statute of frauds" as a defense, as some/all of the issues raised have not been properly documented.

79. Defendant HMC/CAH raises as a defense that as to any contract(s), Plaintiff failed to perform the subject contracts and accordingly may not enforce same, thereby requiring Count I of the Complaint to be dismissed.

80. Defendant HMC/CAH raises as a defense that as to any contract(s), Plaintiff first breached the subject contracts and accordingly may not enforce same, thereby requiring Count I of the Complaint to be dismissed.

81. Defendant HMC/CAH raises as a defense that as to any contract(s), they fail for lack of consideration, thereby requiring Count I of the Complaint to be dismissed.

82. Defendant HMC/CAH raises as a defense that as to any contract(s), they fail for failure of consideration, thereby requiring Count I of the Complaint to be dismissed.

83. All Defendants raise as a defense to Count II of the Complaint that Plaintiff has alleged the existence of a valid written contract, and accordingly may not seek a remedy under a "quasi-contract" theory, thereby requiring Count II of the Complaint to be dismissed.

84. All Defendants raise as a defense to Count II of the Complaint that Plaintiff has alleged, without explanation, liability on a "joint and several" basis, and no Defendant can be liable under "unjust enrichment" for conduct performed by another defendant or the receipt by another defendant of anything of value.

85. All Defendants raise as a defense that they are entitled to setoff and recoupment for all amounts paid/overpaid to Plaintiff.

86. Defendants reserved their right to add to, and amend, these defenses as additional facts come to light during this proceeding.

## RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, Defendants, having answered the Complaint of Plaintiff, and having raised defenses and affirmative defenses thereto, respectfully submit that the Complaint must be dismissed in its entirety, together with an appropriate assessment of attorney's fees and costs

against Plaintiff, and together with such other, further and different relief may seem just, proper and equitable to the Court under the circumstances.

                                              CHAPMAN AND COWHERD, P.C.

By: */s/ Lauren A. Horsman*
    Lauren A. Horsman – Mo Bar No. 60982
    903 Jackson – P.O. Box 228
    Chillicothe, MO 64601
    Telephone: 660-646-0627
    Telefax: 660-646-1105
    Email: lhorsman@ccttlaw.com
    *ATTORNEY FOR ALL DEFENDANTS*

FMS Lawyer PL

By: */s/ Frank Smith*
    Frank Smith – FL Bar No. 069681
    9900 Stirling Road, Suite 226
    Cooper City, FL 33024
    Telephone: 954-985-1400
    Telefax: 954-241-6947
    Email: frank.smith@fmslawyer.com
    *ATTORNEY FOR ALL DEFENDANTS*
    *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically via the Court's ECF system to:

*ALL COUNSEL OF RECORD*

This 25th day of June 2018.

                                              */s/ Lauren A. Horsman*